# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellant,

v

JUAN T. WALKER,

          Defendant-Appellee.

UNPUBLISHED
October 12, 2017

No. 332491
Wayne Circuit Court
LC No. 01-003031-01-FC

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the trial court order granting defendant's motion for relief from judgment. We reverse and remand.

Defendant was originally sentenced in 2001 to life imprisonment without parole for first-degree premeditated murder, MCL 750.316, and two years' imprisonment for possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. This Court previously affirmed defendant's convictions and sentences. *People v Walker*, unpublished opinion per curiam of the Court of Appeals, issued March 1, 2005 (Docket No. 239711). The Michigan Supreme Court denied defendant's request for leave to appeal. *People v Walker*, 474 Mich 902 (2005). In 2011, defendant filed a motion for relief from judgment in the trial court after discovering his trial counsel failed to inform him of a plea offer to second-degree murder, MCL 750.317, and felony-firearm, with a sentence of 25 to 50 years' imprisonment for second-degree murder, plus two years' imprisonment for felony-firearm. The prosecution faxed the plea offer to defense counsel several days before the trial commenced, but defendant claimed defense counsel never relayed the offer to defendant. The trial court denied defendant's motion for relief from judgment, and he sought leave to appeal in this Court, which was also denied. *People v Walker*, unpublished order of the Court of Appeals, entered May 21, 2012 (Docket No. 307480). Defendant sought leave to appeal that order in the Michigan Supreme Court, which was held in abeyance pending the decision in *Burt v Titlow*, ___ US ___; 134 S Ct 10; 187 L Ed 2d 348

---

[1] *People v Walker*, unpublished order of the Court of Appeals, entered September 9, 2016 (Docket No. 332491).

-1-

(2013).[2]  *People v Walker*, 829 NW2d 217 (2013).  Once *Burt* was decided, the Michigan Supreme Court issued an order remanding defendant's case to the trial court for a *Ginther*[3] hearing, with the following specific instructions:

> . . . we REMAND this case to the Wayne Circuit Court for an evidentiary hearing, pursuant to [*Ginther*], as to the defendant's contention that his trial counsel was ineffective for failing to inform him of the prosecutor's September 26, 2001 offer of a plea bargain to second-degree murder and a sentence agreement of 25 to 50 years.  See *Missouri v Frye*, 566 US ___, 132 S Ct 1399, 182 L Ed 2d 379 (2012).  To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his attorney's performance was objectively unreasonable in light of prevailing professional norms; and (2) that he was prejudiced by the deficient performance.  *People v Carbin*, 463 Mich 590, 599-600, 623 NW2d 884 (2001).  In order to establish the prejudice prong of the inquiry under these circumstances, the defendant must show that: (1) he would have accepted the plea offer; (2) the prosecution would not have withdrawn the plea offer in light of intervening circumstances; (3) the trial court would have accepted the defendant's plea under the terms of the bargain; and (4) the defendant's conviction or sentence under the terms of the plea would have been less severe than the conviction or sentence that was actually imposed.  *Lafler v Cooper*, 566 US ___, 132 S Ct 1376, 1385, 182 L Ed 2d 398 (2012).
>
> If the defendant establishes that his trial counsel was ineffective in failing to convey the plea bargain as outlined above, the defendant shall be given the opportunity to establish his entitlement to relief pursuant to MCR 6.508(D).  If the defendant successfully establishes his entitlement to relief pursuant to MCR 6.508(D), the trial court must determine whether the remedy articulated in *Lafler v Cooper* should be applied retroactively to this case, in which the defendant's conviction became final in October 2005. [*People v Walker*, 497 Mich 894, 894-895 (2014).]

After the trial court held a *Ginther* hearing, it entered an order finding that defendant received the ineffective assistance of counsel because his trial attorney failed to inform defendant of the plea offer.  Defendant then filed another motion for relief from judgment in the trial court, as required by our Supreme Court's remand order, and the trial court granted that motion and ordered the prosecution to reoffer defendant the plea deal.  Defendant then pleaded guilty and was resentenced to 25 to 50 years' imprisonment for second-degree murder and two years' imprisonment for felony-firearm.

---

[2] Although defendant's application for leave to appeal was held in abeyance pending *Burt*, the Michigan Supreme Court's specific instructions on remand do not make reference to the *Burt* decision, and therefore, it will not be discussed herein.

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

On appeal, the prosecution argues that defendant was afforded the effective assistance of counsel because he was not prejudiced, i.e., he did not demonstrate that there was a reasonable probability that he would have accepted the plea offer had it been made known to him. We agree.

A claim alleging ineffective assistance of counsel presents "a mixed question of fact and law." *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015). "A judge must first find the facts, then must decide whether those facts establish a violation of the defendant's constitutional right to the effective assistance of counsel." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011) (quotation marks and citation omitted). We review the trial court's findings of fact for clear error and review questions of constitutional law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Armstrong*, 490 Mich at 289. Additionally, this Court reviews a trial court's decision regarding a motion for relief from judgment for an abuse of discretion, and we review the trial court's findings of fact supporting its decision on the motion for clear error. *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). An abuse of discretion occurs when the trial court's decision "falls outside the range of reasonable and principled outcomes" or when the trial court "makes an error of law." *Id.* at 628-629.

A defendant is entitled to the effective assistance of counsel during the plea-bargaining process just as he or she is entitled to the effective assistance of counsel at trial. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). When a defendant seeks relief for ineffective assistance of counsel in the plea-bargaining context, he or she must meet the two-pronged standard set forth in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). *Douglas*, 496 Mich at 592. The defendant must show "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Douglas*, 496 Mich at 592, quoting *Lafler v Cooper*, 566 US 156, 163; 132 S Ct 1376; 182 L Ed 2d 398 (2012) (quotation marks omitted). In demonstrating prejudice, "the defendant must show the outcome of the plea process would have been different with competent advice." *Douglas*, 496 Mich at 592, quoting *Lafler*, 566 US at 163 (quotation marks omitted). When evaluating alleged prejudice from counsel's failure to inform the defendant of a plea offer, the defendant "must demonstrate a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel." *Missouri v Frye*, 566 US 134, 147; 132 S Ct 1399; 182 L Ed 2d 379 (2012). Consistent with this standard, our Supreme Court's remand order required defendant to demonstrate prejudice as outlined in *Lafler*:

> [A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Lafler*, 566 US at 164.]

The only element of this standard in dispute on appeal is whether there was a reasonable probability that defendant would have pleaded guilty to second-degree murder had he been aware of the plea offer.[4] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 US at 694. The prosecution insists that defendant was not prejudiced because defendant failed to show a reasonable probability that he would have accepted the plea, insisting throughout trial and at his *Ginther* hearing that he was innocent.

In *Lafler*, the defendant rejected a plea offer twice based on his attorney's erroneous representations that the prosecution would not be able to establish intent to murder the victim. *Lafler*, 566 US at 161. A *Ginther* hearing was held, wherein the defendant argued that his attorney's advice to reject the plea offer constituted ineffective assistance of counsel. *Id*. The parties agreed that defense counsel's performance was deficient, satisfying the first prong of the *Strickland* two-part test. *Id*. at 163. Thus, the only issue was the application of the prejudice prong. *Id*. "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." *Id*. at 168. The defendant demonstrated that but for his counsel's deficient performance, there was a reasonable probability that he would have taken the plea deal, and the trial court would have accepted it. *Id*. at 174. Furthermore, the defendant received a sentence that was 3½ times the plea offer, thereby satisfying the prejudice prong. *Id*. The Supreme Court also determined that the appropriate remedy was for the prosecution to reoffer the plea, and if the defendant accepted the offer, it was up to the trial court's discretion whether to resentence the defendant. *Id*. at 170-172, 174-175.

In *Douglas*, the trial court rejected the defendant's claim that he was denied the effective assistance of counsel when his attorney failed to correctly inform the defendant of the mandatory minimum sentence for first-degree criminal sexual conduct, the defendant rejected two plea offers, and he was then convicted at trial and received a more severe sentence. *Douglas*, 496 Mich at 564. This Court reversed, concluding that defense counsel's performance was deficient, which prejudiced the defendant. *Id*. at 564-565. Our Supreme Court agreed that defense counsel's performance was deficient, but it disagreed with this Court's conclusion that the

---

[4] The prosecution did not provide in its statement of the questions involved a challenge to the trial court's finding on the first prong under *Strickland*, as required by our court rules. MCR 7.212(C)(5). However, the prosecution provided a cursory argument in its brief, claiming the trial court erred when it held that defense counsel's performance was deficient under *Strickland* because it had given defendant the "benefit of the doubt" as to whether he was informed about the plea. Even if we were to address this argument, which necessarily challenges the trial court's findings in its earlier opinion and order—not on the motion for relief from judgment—the trial court did not clearly err in its finding. Defendant passed a polygraph test as to this issue, defense counsel testified that he could not remember relaying the plea offer, and there is no question that the prosecutor had sent the fax. The trial court believed defendant's testimony on this issue, and we will not disturb the trial court's credibility findings. *People v Dendel*, 481 Mich 114, 130; 748 NW2d 859 (2008), amended on other grounds 481 Mich 1201 (2008).

defendant had shown he was prejudiced. *Id*. at 595. The *Douglas* Court explained that this Court "made no mention of the role that the defendant's belief in his innocence may have played in his decision to go to trial, despite its prominent place in the trial court's reasoning." *Id*. At the *Ginther* hearing, the defense attorney testified that the defendant always maintained his innocence. *Id*. at 596. The defendant testified that he would have accepted the plea had he known of the mandatory minimum for the sentence, and had he not mistakenly believed that registering on the sex offender list would preclude him from living with his children. *Id*. Even though defendant consistently claimed he would have accepted the plea, the *Douglas* Court said "the full body of the defendant's testimony undermines the credibility of his assertions that either these misconceptions or the misinformation regarding the sentence he faced at trial meaningfully influenced his decision to reject the prosecution's plea offer." *Id*. at 597. The defendant testified that he would not have accepted a plea that required sex offender registration or a plea that required jail time because he was innocent, he did not commit the crime, and he thought he would prevail at trial. *Id*. The Michigan Supreme Court explained:

> This testimony is confusing at best, and casts significant doubt upon what circumstances, if any, would have led the defendant to accept a plea. It certainly betrays no clear error in the trial court's discernment of the common thread running throughout both the defendant's and his counsel's testimony: that the defendant rejected the prosecution's plea offers because he was innocent of the charges, was not a sex offender, and was not interested in pleading guilty to repugnant acts that he did not commit.
>
> As a result, we are not "left with a definite and firm conviction that the trial court made a mistake" in finding that the defendant has failed to show prejudice stemming from his counsel's deficient performance, rather, the record amply supports the conclusion that, even had defendant been properly advised of the consequences he faced if convicted at trial, it was not reasonably probable that he would have accepted the prosecution's plea offer. [*Id.* at 597-598 (citations omitted)]

The *Douglas* Court held that the defendant was not entitled to reinstatement of the prosecution's plea offer because the defendant did not demonstrate that he was prejudiced by his attorney's misconduct. *Id*. at 599.

The issue here turns on whether the trial court clearly erred when it concluded that there was a reasonable probability that defendant would have accepted the plea had his trial counsel informed him of it. In other words, whether the trial court's finding leaves us "with a definite and firm conviction that the trial court made a mistake." *Armstrong*, 490 Mich at 289. In making this determination, we keep in mind that "regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C); *People v Dendel*, 481 Mich 114, 130; 748 NW2d 859 (2008), amended on other grounds 481 Mich 1201 (2008).

At the *Ginther* hearing, defendant testified that he was innocent, that he did not kill the victim, that he was not present at the car wash on the date and time when the victim was killed, and that he had nothing to do with the shooting. Likewise, defense counsel testified at the

*Ginther* hearing that defendant maintained his innocence throughout his jury trial. Despite his claim of innocence, defendant testified at the *Ginther* hearing that he would have pleaded guilty to murder in order to take advantage of a plea offer that did not "gamble with his life."

Defendant's consistent claim of innocence certainly casts doubt whether he would have accepted a plea offer before trial. It goes without saying that defendant now has the benefit of comparing an unfavorable sentence of life imprisonment without parole to a term-of-years plea offer that appears generous in comparison. Indeed, the trial court that presided over the *Ginther* hearing expressed the same concern about defendant's credibility in its memorandum opinion and order that analyzed both prongs of the *Strickland* test for ineffective assistance of counsel. When examining whether defense counsel's performance was deficient, the trial court expressed concerns regarding defendant's credibility:

> On cross[-]examination by the prosecutor, the defendant gave inconsistent and conflicting testimony. He testified that, although he maintained his innocence at the trial, he still would have admitted guilt to a crime he did not commit because "it wasn't worth gambling." Later during cross[-]examination, when the prosecutor pressed him on the issue, he testified that he would have made a guilty plea admitting that he killed the victim. Yet, he emphatically said that he did not commit the crime--restated that he denies admitting the crime, but would admit to it because: "I wouldn't gamble with my life like that." On re-direct examination by defense counsel, defendant testified that although he entered a plea of not guilty when he appeared before the trial judge for arraignment on the Information, he would have accepted an offer and would have pled guilty if an acceptable plea offer had been made. He reiterated on further questioning that on the day that the trial court started he would pled [sic] guilty if the "years were right". These seem to be conflicting statements that raises a question of whether the defendant was willing to accept the offer of 25 to 50 years.

Admittedly, the trial court seemed to confuse the standards set forth in *Strickland* and *Lafler*, often discussing what appeared to be a prejudice analysis during its discussion of defense counsel's performance. However, when the trial court finally turned to prejudice, it further explained:

> An examination of the defendant's testimony at the recent evidentiary hearing shows it is convoluted, contradictory, and inconsistent. . . . A reasonable conclusion, in the context of defendant's testimony, is that prior to the beginning of trial he did not want to plead guilty in this case.

> \* \* \*

> Although the defendant vacillated, he eventually testified that he would have accepted the plea offer, but his testimony at the evidentiary hearing indicated a high probability of reluctance.

In the end, the trial court found that defense counsel's performance was deficient and the trial court would have accepted the guilty plea had one been offered. More importantly for this

appeal, the trial court concluded that defendant "was prejudiced by defense counsel's failure to inform him of the plea offer." The only basis identified in the memorandum opinion and order for reaching this conclusion was "due to the incoherence of defendant's testimony as to whether he would have accepted the guilty plea." Further confusing matters, the trial court expressly stated in the very next sentence of its order that "*the court's reasoning does not answer the question of whether an analysis of the prejudiced* [sic] *prong requires a findings* [sic] *at this juncture of whether the defendant would have made an unequivocal plea of guilty to the reduced charged* [sic] *of second degree murder.*" In other words, the court found prejudice without finding defendant would have accepted the plea offer.

The trial court then ordered defendant to file a motion for relief from judgment under MCR 6.508(D) consistent with our Supreme Court remand order. During the hearing, the trial court readily acknowledged that its prior order may "have confused the [prejudice] issue," but ultimately concluded that there was a reasonable probability that defendant would have accepted the offer. In so finding, the trial court did not base its decision on the credibility of defendant's testimony, which the court stated it was "not putting that much weight on what the defendant said recently." Instead, it found prejudice because, had his attorney advised him of the offer, his counsel "might have" been able to convince defendant to accept the plea. The trial court's conclusion was grounded in the "many cases that I have tried . . . where a [defendant does not] understand." Thereafter, the trial court granted defendant's motion for relief from judgment, finding that defendant would have accepted the plea and ordering the prosecution to reoffer the plea.

After a review of the record, we are left with a definite and firm conviction that the trial made a mistake in its findings, failed to engage in a proper analysis under *Lafler*, and thereby abused its discretion when it granted defendant's motion for relief from judgment. Our Supreme Court mandated the trial court to implement the prejudice standard set forth in *Lafler*, including whether defendant would have accepted the plea offer. Defendant had the burden of proof in showing a reasonable probability that he would have accepted the plea offer. See *Douglas*, 496 Mich at 592 ("The defendant has the burden of establishing the factual predicate of his ineffective assistance claim."). In making its decision, the trial court had to conduct a *Ginther* hearing and consider evidence to determine whether defendant was prejudiced. When presiding over the hearing, it needed to (1) hear witnesses and determine their credibility, (2) define what circumstances before trial would have affected defendant's decision to accept the plea offer, and (3) weigh the evidence to determine whether defendant met its burden of proof. After reviewing the trial court's findings, we conclude that it clearly erred by finding that defendant would have accepted the plea offer. In its ruling, the trial court failed to properly consider defendant's testimony at the *Ginther* hearing and did not consider any of the actual circumstances underlying the plea offer, and for those reasons, we are left with a definite and firm conviction that the trial court made a mistake.

First, the record amply supports the trial court's determination that defendant was not credible, and therefore, his testimony did not support a finding that he would have accepted the plea offer. The trial court acknowledged that not only was defendant's testimony "convoluted, contradictory, and inconsistent," defendant expressed a "high probability of reluctance" and it would be "reasonable" to conclude "that prior to the beginning of trial [defendant] did not want to plead guilty in this case." Even though the trial court concluded that defendant was not a

credible witness at the *Ginther* hearing and hearing on the motion for relief from judgment, it informed the prosecution at the latter hearing that it was "not putting that much weight on what [defendant] said recently." Without taking into account defendant's testimony, the trial court employed an analysis in direct contradiction to our Supreme Court's mandate in *Douglas*, i.e., that a defendant's testimony, especially his belief in his innocence, is a factor when considering prejudice. *Id*. at 595.

Second, the trial court did not consider any actual circumstances underlying defendant's case before or during trial. Instead, the trial court used its own experience with defendants in similar circumstances and reasoned they on occasion changed their minds when their counsel discussed the wisdom of accepting a plea deal—even if they originally professed innocence. The trial court did explain on multiple occasions that it had to "look at what was happening back in 2001," but at no time did it make any findings specific to defendant's case. In essence, the trial court determined that he was prejudiced because, but for the deficient representation, his trial counsel might have convinced him to plead guilty, despite his claim of innocence, without the trial court basing its findings on any facts specific to his case. This per se approach to the prejudice analysis defies established precedent. The *Frye* Court indicated that the circumstances underlying each individual case at the time that the offer is presented could affect whether the defendant would accept the plea. *Frye*, 566 US at 150 (explaining that the strength of the prosecution's case at the time of the plea offer could affect a prejudice finding). In *Frye*, the underlying circumstances of the case were such that it was highly likely that the defendant would have accepted the first uncommunicated plea offer because he had later pleaded guilty to a more serious charge on a separate offense without any recommendation from the prosecution. *Id*. Additionally, our Supreme Court has required that a defendant's belief in his innocence be reviewed in full to determine whether it undermines his proclamation that he would have accepted the plea. See *Douglas* at 595 (holding that a defendant's belief in his innocence and how it may have played in the decision to go to trial is an important factor to consider). By simply implementing what appears to be a per se approach to the prejudice analysis without making specific findings about the circumstances in this case, the trial court erred when it granted the motion for relief from judgment.

We acknowledge that the "reasonable probability" standard is a lower bar, requiring only that the circumstances show a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 US at 694. At the *Ginther* hearing, defendant proclaimed he would have taken the plea offer. Furthermore, the original charge, when compared to the plea offer, provides some proof alone that defendant may have accepted the plea. A first-degree murder charge resulting in a life sentence without the possibility of parole is more severe than 25 to 50 years' imprisonment. In fact, the difference between 25 years and life imprisonment is almost certainly greater than the sentences at issue in *Douglas*, *Lafler*, and *Frye*.[5] However, the trial court did not

---

[5] In *Douglas*, defense counsel informed the defendant that he was facing a 20-year maximum sentence when in reality he was subject to a mandatory minimum sentence of 25 years' imprisonment. *Douglas*, 496 Mich at 593. In *Lafler*, instead of accepting an earlier plea offer of 51 to 85 months, the defendant was sentenced following jury trial to 185 to 360 months. *Lafler*, 566 US at 161. In *Frye*, the defendant pleaded guilty to a felony with a four-year maximum

base its decision on any of the testimony at the *Ginther* hearing or on any evidence of the actual circumstances before trial. For these reasons, the trial court clearly erred in finding a reasonable probability defendant would have accepted the plea offer. Therefore, defendant did not satisfy his burden in proving ineffective assistance of counsel, and the trial court abused its discretion when it granted defendant's motion for relief from judgment.

Reversed and remanded for further proceedings to reinstate defendant's original convictions and sentences. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

---

sentence after his defense counsel failed to inform him of a plea offer on a separate offense to a misdemeanor with a one-year maximum sentence. *Frye*, 566 US at 138-140.